## No. 8029.

### CITY OF NEW ORLEANS VS. CHRISTOPHER MEISTER.

Article 206 of the Constitution does not affect the legality of the License ordinance of the City of New Orleans, No. 6253, passed on the 23rd December 1879, under the laws then in force, and imposing certain municipal license taxes.  Decision in City of New Orleans vs. Vergnole, 33 An. 35, affirmed.

The Administrator of Finance of the City of New Orleans has no authority to reduce in some particular cases the amount of the license tax fixed by the city ordinance.

APPEAL from the First City Court of New Orleans.  *Skinner*, J.

*S. P. Blanc*, Assistant City Attorney, and *Geo. Denegre* for Plaintiff and Appellee. .

*A. J. Lewis* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.  Defendant, a retail dealer in groceries and liquors by the glass, appeals from a judgment condemning him to pay a city license of $75 on his business for the year 1880, and he relies upon the following defenses:

1st.  That the license demanded exceeds that imposed by the State.

2d.  That the license is not imposed in proportion to the profits realized.

3d.  That the license is not equal and uniform.

4th.  That by reason of the destruction of the levees and wharves, through the ravages of the Mississippi River, in the vicinity of his business establishment, commerce was driven thence to other portions of the city, by means of which his business was materially impaired, in consequence of which he was entitled to a reduction of one-half of the license claimed of him, as was done in the case of several of his neighbors engaged in the same business, but which was unjustly refused to him.  The defense embodied in the first three points is identically that which was made in the case of the City vs. Julien Vergnole, recently decided by this Court, 33 An. 35, and disposed of adversely to the defendant, and is, therefore, untenable.

5th. Plaintiff, having introduced in evidence the city ordinance imposing a license of $75 for the year 1880, on all retail dealers in groceries and in liquors by the glass, defendant offered to prove by testimony that for the reasons enumerated in his fourth ground of defense the license of several of his neighbors had been reduced one-half, and that the same privilege had been denied him. Plaintiff objected to such testimony as irrelevant, and it was admitted over his objections.

In our opinion the judge erred; he should have rejected such testimony, which at most proved a dereliction of duty on the part of the Administrator of Finance, who in a proper case might be amenable therefor.

In the face of a positive city ordinance imposing a fixed license on all persons engaged in the same trade, we know of no authority in the Administrator of Finance, or, in any other city officer, to reduce said license in any case or in any emergency. We have been referred to no act or ordinance of the city authorizing such reduction, and we must enforce the city ordinances as they are proven.

The whole defense is groundless, and the judgment of the lower court is therefore correct.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed at appellant's costs.